UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAULETTE R. ZANDER, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> TROPICANA ENTERTAINMENT, INC., ) <br> d/b/a TROPICANA ARUBA RESORT & ) <br> CASINO; and DOES I through X; and ROES ) <br> XI through XX, inclusive, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:13-cv-00848-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 7) filed by Defendant Tropicana Entertainment, Inc. ("Defendant"). Plaintiff Paulette Zander ("Plaintiff") filed a Response (ECF No. 9) and Defendant filed a Reply (ECF No. 10). Subsequently, Defendant also filed an Errata to its Reply. (ECF No. 11.)

**I.   BACKGROUND**

This case arises from the injuries that Plaintiff experienced while visiting the Tropicana Aruba Resort and Casino (the "Resort"). (Compl. ¶¶ 8–9, 13–14, ECF No. 1-1.) Specifically, Plaintiff's Complaint alleges that, while exiting her vehicle at the Resort, "she tripped and fell on a cement barrier that was placed parallel to the parking space." (*Id.* ¶ 9.) Plaintiff further contends that "[t]here was insufficient lighting after sundown . . . to distinguish [the cement barrier] . . . [and] [t]he barrier was not marked or painted to draw attention to the hazard." (*Id.*) As a result, Plaintiff suffered "serious and permanent injuries," (*id.* ¶ 13), and was forced to incur medical costs for treatment and hospitalization, (*id.* ¶ 14).

Thereafter, Plaintiff initiated this action in Nevada state court asserting three causes of action (1) Negligence; (2) Res Ipsa Loquitur; and (3) Breach of Contract. (*Id.* ¶¶ 19–38.) Defendant later removed the action to this Court, (Notice of Removal, ECF No. 1), and filed

the instant Motion to Dismiss (ECF No. 7).  In its Motion, Defendant requests that this Court dismiss Plaintiff's Complaint because Defendant does not, as the Complaint asserts, "own[], occup[y], operate[], control[], manage[], [or] maintain[]" the Resort at which Plaintiff experienced the alleged injuries. (Compl. ¶ 7; *see* Mot. to Dismiss 3:7–12, ECF No. 7.)

## II.     LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III. DISCUSSION

Defendant bases its Motion to Dismiss Plaintiff's Cause of Action for Negligence and Plaintiff's Cause of Action for Breach of Implied Contract on the assertion that Plaintiff improperly named Defendant as a defendant in this case.

### A. Negligence

To withstand a motion to dismiss, a claim for negligence must plead each of four elements: (1) that defendant owed plaintiff a duty of care; (2) breach of that duty; (3) causation; and (4) damages. *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008).

In this case, Defendant asserts that it did not owe Plaintiff a duty because Defendant is not the owner of the property at which Plaintiff suffered her injuries. Defendant's argument equates to a dispute over Plaintiff's factual allegation that Defendant "owned, occupied, operated, controlled, managed, maintained, and is therefore, responsible in all aspects for . . . [the] TROPICANA ARUBA RESORT AND CASINO . . . ." (Compl. ¶ 7, ECF No. 1-1.) However, a motion to dismiss is not the appropriate procedural vehicle to dispute the facts alleged in a complaint. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993) (noting that, at the motion to dismiss stage of litigation, courts must "accept as true all of the factual allegations in the complaint"); *see also Arpin*, 261 F.3d at 925 (noting that "extraneous evidence, [outside the complaint], should not be considered in ruling on a motion to dismiss."). Furthermore, Defendant has failed to provide any judicially noticeable documents to support its position.

Because Defendant's argument relies on evidence outside Plaintiff's Complaint to challenge the facts alleged in the Complaint, the Court concludes that Defendant's Motion to Dismiss fails and must be denied.[1]

---

[1] To the extent Plaintiff's Response to Defendant's Motion to Dismiss attempts to amend its Complaint to allege that Defendant is the alter ego of the Tropicana Aruba Resort and Casino, Plaintiff must do so in a Motion to Amend that complies with Rule 15-1 of the Local Rules of Practice of the United States District Court for the

### B. Res Ipsa Loquitur

Although not addressed in Defendant's Motion, the Court will dismiss Plaintiff's Second Cause of Action entitled Res Ipsa Loquitur. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008) ("Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a).").

"Res ipsa loquitur is an exception to the general negligence rule, and it permits a party to infer negligence, as opposed to affirmatively proving it, when certain elements are met." *See Woosley v. State Farm Ins. Co.*, 18 P.3d 317, 321 (Nev. 2001). Thus, res ipsa loquitur is a theory of liability or a method of establishing liability for negligence; it is not a separate cause of action. For this reason, the Court concludes that Plaintiff's Second Cause of Action does not equate to a "short and plain statement of the claim showing that the pleader is entitled to relief" and must be dismissed with prejudice. *See* Fed. R. Civ. P. 8(a)(2).

### C. Breach of Contract

A claim for breach of contract must allege (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement"). An enforceable contract requires: (1) an offer and acceptance, (2) meeting of the minds, and (3) consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

As above, Defendant's Motion to Dismiss Plaintiff's Breach of Contract claim is also

---

District of Nevada. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (noting that a court may not look beyond the complaint to plaintiff's briefs when determining the propriety of a motion to dismiss for failure to state a claim); *Ruiz v. Laguna*, No. 05-cv-1871, 2007 WL 1120350, at *26 (S.D. Cal. Mar. 28, 2007) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation and internal quotation marks omitted).

based on Defendant's disagreement with facts stated in the Complaint. For the same reasons discussed above in Section III.A, the Court concludes that Defendant's Motion to Dismiss fails and must be denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Cause of Action for Res Ipsa Loquitur is **DISMISSED with PREJUDICE.**

**DATED** this __26__ day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge