UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAULETTE R. ZANDER, | ) |
| Plaintiff, | ) Case No.: 2:13-cv-00848-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| TROPICANA ENTERTAINMENT, INC., d/b/a TROPICANA ARUBA RESORT & CASINO; and DOES I through X; and ROES XI through XX, inclusive, | ) |
| Defendants. | ) |

Pending before the Court is the Motion for Summary Judgment (ECF No. 17) filed by Defendant Tropicana Entertainment, Inc. ("Defendant"). Additionally, before the Court is the Motion to Amend/Correct Complaint (ECF No. 18) filed by Plaintiff Paulette R. Zander ("Plaintiff"). Both motions are fully briefed. For the reasons discussed below, Defendant's Motion for Summary Judgment is **DENIED without prejudice** and Plaintiff's Motion to Amend is **GRANTED**.

I.     **BACKGROUND**

This case arises from the injuries that Plaintiff experienced while visiting the Tropicana Aruba Resort and Casino (the "Resort"). (Compl. ¶¶ 8–9, 13–14, ECF No. 1-1). Specifically, Plaintiff's Complaint alleges that, while exiting her vehicle at the Resort, "she tripped and fell on a cement barrier that was placed parallel to the parking space." (*Id.* ¶ 9.) Plaintiff further contends that "[t]here was insufficient lighting after sundown . . . to distinguish [the cement barrier] . . . [and] [t]he barrier was not marked or painted to draw attention to the hazard." (*Id.*) As a result, Plaintiff suffered "serious and permanent injuries," (*Id.* ¶ 13), and was forced to incur medical costs for treatment and hospitalization, (*Id.* ¶ 14).

Thereafter, Plaintiff initiated this action in Nevada state court asserting three causes of action (1) Negligence; (2) Res Ipsa Loquitur; and (3) Breach of Contract. (*Id.* ¶¶ 19–38). Defendant later removed the action to this Court, (Notice of Removal, ECF No. 1), and filed a Motion to Dismiss, asserting that Defendant does not, as the Complaint asserts, "own[], occup[y], operate[], control[], manage[], [or] maintain[]" the Resort at which Plaintiff experienced the alleged injuries. (Compl. ¶ 7; *see* Mot. to Dismiss 3:7–12, ECF No. 7). Because Defendant's argument relied on evidence outside Plaintiff's Complaint to challenge the facts alleged in the Complaint, the Court denied Defendant's Motion to Dismiss. (Order, ECF No. 16).  However, the Court dismissed Plaintiff's cause of action of Res Ipsa Loquitur with prejudice because "res ipsa loquitur is a theory of liability or a method of establishing liability for negligence; it is not a separate cause of action." (*Id.* 4:8–12).  Shortly thereafter, the instant motions were filed.

## II.     MOTION TO AMEND

### a.     Legal Standard

Once the time period to amend as a matter of course in Rule 15(a)(1) of the Federal Rules of Civil Procedure has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  However, Rule 15(a)(2) further instructs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962).

### b.     Discussion

In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff asserted that

Defendant is the alter ego of the Tropicana Aruba Resort and Casino. (5:5–7, ECF No. 9). However, the Court acknowledged Plaintiff's failure to specifically plead this cause of action in her original Complaint, stating "[t]o the extent Plaintiff's Response to Defendant's Motion to Dismiss attempts to amend its Complaint to allege that Defendant is the alter ego of the Tropicana Aruba Resort and Casino, Plaintiff must do so in a Motion to Amend that complies with Rule 15-1 of the Local Rules of Practice of the United States District Court for the District of Nevada." (Order at 3, n.1, ECF No. 16).  Plaintiff now seeks to amend her Complaint to specifically plead the cause of action of alter ego, and Plaintiff's Motion complies with Local Rule 15–1. (*See* Pl.'s Mot. to Amend, ECF No. 18).

Defendant asserts that Plaintiff's Motion is futile because Plaintiff presents "no new facts but only new legal theories." (Def.'s Response 5:28–6:4, ECF No. 19).  However, Plaintiff's proposed Amended Complaint presents new facts not found in Plaintiff's original Complaint. (*See* Pl.'s Proposed First Am. Compl. ¶ 2, ECF No. 18–1).  Thus, the Court does not find that Plaintiff's amendment would be futile.  Furthermore, the Court does not find—and Defendant does not assert—that Plaintiff's amendment would cause undue delay, was brought in bad faith or dilatory motive, or would cause undue prejudice to the Defendant.  Accordingly, the Court grants Plaintiff's Motion to Amend/Correct Complaint.

### III.   MOTION FOR SUMMARY JUDGMENT

Courts must grant "summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added).

On April 8, 2014, Defendant filed the instant Motion for Summary Judgment.  However, the discovery cut-off date is not until December 22, 2014, and discovery is currently stayed pending decision on the instant motions. (*See* ECF Nos. 27, 30).  Moreover, a scheduling order

had not been entered in this case at the time Defendant filed its motion. (*See* ECF No. 27). Accordingly, the Court finds that Defendant's Motion for Summary Judgment is premature, and that Plaintiff is entitled to discovery on the timetable determined by the parties and the magistrate judge. Defendant may renew its motion upon the completion of discovery, if it so wishes.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (ECF No. 21) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct Complaint (ECF No. 18) is **GRANTED**. The Clerk of the Court shall file Plaintiff's proposed Amended Complaint, attached as Exhibit 1 to Plaintiff's Motion to Amend/Correct Complaint (ECF No. 18), as Plaintiff's First Amended Complaint.

**DATED** this 16th day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge