UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAULETTE R. ZANDER, <br><br> Plaintiff, <br> vs. <br><br> TROPICANA ENTERTAINMENT, INC., d/b/a TROPICANA ARUBA RESORT & CASINO; DOES I through X; and ROES XI through XX, inclusive, <br><br> Defendants. | Case No.: 2:13-cv-00848-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 38) filed by Defendant Tropicana Entertainment, Inc. ("Defendant"). Plaintiff Paulette R. Zander ("Plaintiff") filed a Response (ECF No. 41).

**I.    BACKGROUND**

This case arises from the injuries that Plaintiff experienced while visiting the Tropicana Aruba Resort and Casino (the "Resort"). (Am. Compl. ¶¶ 10–11, 15–16, ECF No. 34). Specifically, Plaintiff alleges that, while exiting her vehicle at the Resort, "she tripped and fell on a cement barrier that was placed parallel to the parking space." (*Id.* ¶ 11). Plaintiff further contends that "[t]here was insufficient lighting after sundown . . . to distinguish [the cement barrier] . . . [and] [t]he barrier was not marked or painted to draw attention to the hazard." (*Id.*). As a result, Plaintiff suffered "serious and permanent injuries," (*Id.* ¶ 15), and was forced to incur medical costs for treatment and hospitalization, (*Id.* ¶ 16).

Thereafter, Plaintiff initiated this action in Nevada state court asserting three causes of action: (1) negligence; (2) res ipsa loquitur; and (3) breach of contract. (Compl. ¶¶ 19–38, ECF No. 1-1). Defendant later removed the action to this Court, (Notice of Removal, ECF No. 1),

and filed a Motion to Dismiss, asserting that Defendant does not, as the Complaint asserts, "own[], occup[y], operate[], control[], manage[], [or] maintain[]" the Resort at which Plaintiff experienced the alleged injuries. (Compl. ¶ 7; *see* Mot. to Dismiss 3:7–12, ECF No. 7). Because Defendant's argument relied on evidence outside Plaintiff's Complaint to challenge the facts alleged in the Complaint, the Court denied Defendant's Motion to Dismiss. (Order, ECF No. 16). However, the Court dismissed Plaintiff's cause of action of res ipsa loquitur with prejudice because "res ipsa loquitur is a theory of liability or a method of establishing liability for negligence; it is not a separate cause of action." (*Id.* 4:8–12). Discovery in this case closed on June 17, 2015. (Scheduling Order, ECF No. 36). Shortly thereafter, Defendant filed the instant Motion for Summary Judgment on all of Plaintiff's claims. (Mot. Summ. J., ECF No. 38).

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

Plaintiff maintains that the Resort is the alter ego of Defendant. (Am. Compl. ¶ 2). Accordingly, Plaintiff's two remaining claims, negligence and breach of implied contract, are dependent upon a finding of such alter ego liability.  The alter ego doctrine is an exception to Nevada's "general rule recognizing corporate independence." *Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 189 P.3d 656, 660 (Nev. 2008).  To establish alter ego liability:

> (1) The corporation must be influenced and governed by the person asserted to be its alter ego[;] (2)[t]here must be such unity of interest and ownership that one is inseparable from the other; and (3)[t]he facts must be such that adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice.

*Ecklund v. Nev. Wholesale Lumber Co.*, 562 P.2d 479, 479–80 (Nev. 1977). The party seeking to establish alter ego liability must show each of these elements by a preponderance of the evidence. *Id.* at 480.  To evaluate whether there is a unity of interest, the Court considers factors such as "commingling of funds, undercapitalization, unauthorized diversion of funds, treatment of corporate assets as the individual's own, and failure to observe corporate formalities." *Lorenz v. Beltio, Ltd.*, 963 P.2d 488, 497 (Nev. 1998).  "No one of these factors alone is determinative to apply the alter ego doctrine." *Id.*

Plaintiff premises her alter ego claim on two arguments.  First, Plaintiff contends that Defendant owns and operates the Resort. (Response 7:5–8).  Plaintiff bases this assertion on a 2010 Form 10-K filing submitted by Defendant to the United States Securities and Exchange

Commission ("SEC").  In the filing, Defendant states as follows: "We are an owner and operator of regional casino and entertainment properties located in the United States and one casino resort development located on the island of Aruba." (Ex. 1 to Response at 5, ECF No. 25-1).  However, Plaintiff's assertion that this statement demonstrates that Defendant owns and operates the Resort is belied by another statement in the filing, which directly precedes the previous statement and states as follows: "Unless the context indicates otherwise, or unless specifically stated otherwise, references to … 'we' … refers to Tropicana Enterprises Inc. *and its subsidiaries*." (*Id.* (emphasis added)).  Even still, "[a] mere showing that one corporation is owned by another… is insufficient to support a finding of alter ego." *Bonanza Hotel Gift Shop, Inc. v. Bonanza No. 2*, 596 P.2d 227, 229 (Nev. 1979).

Second, Plaintiff argues that some of Defendant's directors also served as directors of the Resort. (Response 5:18–6:6, ECF No. 41).  Specifically, Plaintiff explains that Daniel A. Ninivaggi and Hunter C. Gary both served as directors or officers for Defendant and the Resort. (*Id.*).  However, "[a] mere showing that … the two [companies] share interlocking officers or directors is insufficient to support a finding of alter ego." *Bonanza Hotel*, 596 P.2d at 229.

Moreover, Plaintiff fails to present any evidence that Defendant and the Resort commingled funds, the Resort was undercapitalized, there was an unauthorized diversion of funds, that Defendant and the Resort shared corporate assets, or failed to observe corporate formalities.  Therefore, the Court finds that Plaintiff has failed to provide admissible evidence sufficient to raise a genuine issue of material fact as to whether the Resort was the alter ego of Defendant.  Accordingly, the Court finds Defendant has no alter ego liability for the Resort. Furthermore, because no genuine issue of material fact exists as to Defendant's alter ego liability, Plaintiff's remaining claims against Defendant also fail as a matter of law.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 38) is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly and close this case.

**DATED** this __17__ day of February, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge