UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAULETTE R. ZANDER,                )
                                   )
                 Plaintiff,        )   Case No.: 2:13-cv-00848-GMN-PAL
          vs.                      )
                                   )   **ORDER**
TROPICANA ENTERTAINMENT, INC.,     )
d/b/a TROPICANA ARUBA RESORT AND   )
CASINO; and DOES I through X; and ROES )
XI through XX; inclusive,          )
                                   )
                 Defendant.        )
                                   )

Pending before the Court is Plaintiff Paulette R. Zander's ("Plaintiff's") Motion to Extend Time to File Notice of Appeal, (ECF No. 52), on the Court's Order, (ECF No. 46), granting Defendant Tropicana Entertainment, Inc.'s ("Defendant's") Motion for Summary Judgment. Defendant filed a Response. (ECF No. 54). Plaintiff did not file a reply, and the time to do so has passed. For the reasons discussed below, the Court GRANTS Plaintiff's Motion.

**I.     BACKGROUND**

On February 17, 2016, the Court granted Defendant's Motion for Summary Judgment, dismissing Plaintiff's Complaint. (*See* Order, ECF No. 46). The Clerk of the Court entered Judgment accordingly that same day. (*See* Clerk's J., ECF No. 47).

On March 15, 2016, Plaintiff alleges her counsel attempted to file a notice of appeal, but made a filing error and failed to confirm that the transaction was verified before closing the browser. (Mot. to Extend Time 2:23–24, ECF No. 52). Plaintiff successfully filed her Notice of Appeal on March 21, 2016, four days after the deadline. (Notice of Appeal, ECF No. 49). Plaintiff asserts that because her Notice of Appeal was not immediately rejected, Plaintiff's

counsel assumed that a motion to extend time was not necessary. (Mot. to Extend Time 3:8–10).  Due to the elapsed deadline, however, the Ninth Circuit issued an Order to Show Cause for lack of jurisdiction on April 12, 2016. (Order to Show Cause, *Zander v. Tropicana Entm't. Inc.*, No. 16-15477 (9th Cir. Apr. 12, 2016), ECF No. 4).  On May 3, 2016, Plaintiff filed the instant Motion to Extend Time to File Notice of Appeal in this Court.[1]

## II.     LEGAL STANDARD

The Federal Rules of Appellate Procedure generally require that a notice of appeal be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).  Rule 4(a)(5) states a "district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

In *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380 (1993), the U.S. Supreme Court created a four factor test to determine whether an attorney's failure to file is caused by excusable neglect. *Pioneer Inv. Servs.*, 507 U.S. at 395.  The Ninth Circuit adopted the same factors in interpreting Federal Rule of Appellate Procedure 4(a)(5)(A). *See Los Altos El Granada Inv'rs v. City of Capitola*, 583 F.3d 674, 683 (9th Cir. 2009) (citing *Pincay v. Andrews*, 389 F.3d 853, 855–56 (9th Cir. 2004)).  The factors require the Court to analyze "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Los Altos*, 583 F.3d at 683.  The Ninth Circuit gives broad discretion to district courts'

---

[1] The Ninth Circuit issued a subsequent Order, (ECF No. 53), delaying the appeal pending the Court's determination of the present Motion.

evaluation of the factors, as they are in the best position to determine "whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers, . . . and the likelihood of injustice if the appeal was not allowed." *Pincay*, 389 F.3d at 859.

## III.  DISCUSSION

Although Plaintiff's thirty-day deadline to file a notice of appeal expired on March 17, 2016, Plaintiff filed her Notice of Appeal in this Court four days late on March 21, 2016. (Notice of Appeal, ECF No. 49).  Plaintiff argues that her failure to meet Rule 4(a)(1)(A)'s deadline was due to error.  Specifically, Plaintiff states that her counsel made a procedural filing error and did not verify that the transaction was completed before closing the browser. (Mot. to Extend Time, 2:23–24, ECF No. 52).

When evaluating the *Pioneer* factors as to whether the neglect is excusable, the Court takes into account "all relevant circumstances surrounding the party's omission". 507 U.S. at 395.  Situations which do not constitute excusable neglect include cases involving "inadvertence, ignorance of the rules, or mistakes construing rules." *Id.* at 392.  Additionally, *Pioneer* warned against "erecting a rigid barrier against late filings attributable in any degree to the movant's negligence." *Id.* at 395 n. 14.  Moreover, in *Pincay*, the Ninth Circuit found excusable neglect where counsel delegated calendar duties to the paralegal, and the paralegal misunderstood the deadlines in the federal rule. *See Pincay*, 389 F.3d at 860.

Here, Plaintiff's counsel's error is similar to that involved in *Pincay*.  Plaintiff's counsel's mistake was not from purposely ignoring the rules, was in good faith, and constitutes excusable neglect.  Accordingly, the Court GRANTS Plaintiff's Motion.  Plaintiff shall file her Notice of Appeal within fourteen (14) days of the date of this Order.

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time to File Notice of Appeal, (ECF No. 52), is **GRANTED**.

The Clerk of the Court shall send a copy of this Order to the Ninth Circuit.

**DATED** this 27 day of October, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court